METROPOLITAN TRUST CO. OF NEW YORK *v.* PENNSYLVANIA, S. & N. E. R. Co.

*(Circuit Court, D. New Jersey.* October 17, 1885.)

1. RAILROAD MORTGAGES—WHERE RECORDED—NEW JERSEY STATUTE.
   Railroad mortgages, when conveying the franchises, and including personal chattels then or afterwards to be acquired, are not embraced in the New Jersey statute requiring the recording of chattel mortgages in the counties where the property may be situated, but are governed by section 86 of the "Act respecting railroads and canals."

2. SAME—REPEAL—SECTION 86 OF RAILROAD AND CANAL ACT.
   Section 86 of the act respecting railroads and canals has not been repealed,

either in terms or by implication, by section 13 of the act of March 25, 1881, (Pam. L. 229.) entitled "A further supplement to the act entitled an 'Act concerning mortgages,'" approved March 27, 1874.

On Petition of Thomas Moore.

*Chas. T. Glen,* for petitioner.

*Thomas G. Hillhouse,* for complainant.

*M. I. Southard,* for receivers.

NIXON, J.   The Pennsylvania, Slatington & New England Railroad Company, a corporation existing under the laws of the state of New Jersey, made and executed to the Metropolitan Trust Company of the city of New York, as trustee, an indenture of mortgage bearing date July 1, 1882, upon all their property, real, personal, and mixed, in the counties of Warren and Sussex, in the state of New Jersey, then owned by the said corporation, or afterwards to be acquired.   The said mortgage was duly acknowledged on the twenty-sixth of September of the same year, and recorded as a real estate mortgage in the clerk's office of the said counties on the twenty-ninth day of September, 1882.   On the ninth day of June, 1885, a bill of complaint to foreclose the mortgage was filed in this court by the said trust company; and an order was entered appointing William V. McCracken receiver, upon his giving the required security, and directing him to take into his possession all the real estate and personal chattels of the said railroad company, and to hold the same pending the suit; and on the nineteenth of June, 1885, his bond being approved, all the said property was placed in his hands as receiver.   On July 3, 1885, Thomas Moore, of the city of Elizabeth, filed a petition in this court, setting forth, in substance, that he was a judgment and execution creditor of the said railroad company; that on the proceedings in the court of chancery of New Jersey he had obtained on the fourth of August, 1884, a final decree against the said corporation; that subsequently, to-wit, on May 7, 1885, he had filed and docketed an abstract of the decree in the clerk's office of the supreme court of the state, by virtue of the laws of the state in such case made and provided; that under an order of the court of chancery he caused a writ of *fieri facias* to be issued thereon, dated May 19, 1885, directed to Roderick Byington, Esq., one of the masters of said court, commanding him to levy and make of the goods and chattels of the said railroad company the sum of $3,163.73, with interest from March 13, 1885, and $40.08 costs; that the writ was delivered to the master, May 20, 1885; and that on the fourth and eleventh days of June, 1885, he levied upon and took in his possession a large amount of personal property, particularly described in said petition, in the counties of Warren and Sussex, and belonging to said corporation.

The petitioner claims that he has the first lien upon the property levied on; that the mortgage, not having been filed in accordance with the requirements of the statutes of the state respecting chattel mortgages, is void as against the creditors of the mortgagor, and prays

that this court may so declare, and may direct that the execution shall be satisfied out of the proceeds of the sale, if made by the receiver, or that the master may be authorized to advertise and sell the said chattels, and appropriate the proceeds to the payment of the petitioner's demand.

The supreme court, in *Wiswall* v. *Sampson*, 14 How. 52, points out the proper mode of proceeding by all those who wish to get access to the property in the custody of a receiver, and while the sale of such property is forbidden under an execution in the hands of an officer of another court and issued by virtue of a judgment at law or in equity, it clearly recognizes the duty of the court, where the law gives a priority of lien, to maintain and give effect to such priority in the distribution of the fund arising from a sale ordered by the court.

The petitioner here claims a superior lien under his decree and execution, upon the ground that the mortgage was not filed and recorded in the counties of the state where the property was located at the time of the execution of the mortgage, in accordance with the requirements of the statute then in force relating to chattel mortgages.

The counsel for the trustee and receiver, on the other hand, insist that railroad mortgages, when conveying the franchises, and including the personal chattels then or afterwards to be possessed, are not embraced in said statute; that express provision is made by section 86 of "the act respecting railroads and canals" (N. J. Rev. 924) for recording such mortgages according to the laws regulating the conveyance of real estate; that the mortgage in the present case was so recorded; and that section 13 of the act of March 25, 1881, (Pam. L. 229,) entitled "A further supplement to the act entitled ' An act concerning mortgages,' " approved March 27, 1874, neither in terms nor by necessary implication has repealed section 86 of the act respecting railroads and canals.

The question for consideration is whether the last-quoted section has been repealed. If it has not, the complainant's mortgage was lawfully recorded. If it has, then there was no record of it of which the petitioner was obliged to take notice, and his lien is subsisting and must be enforced. The section is not repealed in express terms. If it is repealed at all, it is by implication, and the courts do not favor such repeals. Dwarris, in his treatise on Statutes, p. 174, says:

"The leaning of the courts is so strong against repealing the positive provisions of a former statute by construction as almost to establish the doctrine of 'No repeal by implication.' "

The supreme court, in *McCool* v. *Smith*, 1 Black, 459, does not go quite so far, but holds that where statutes conflict no repeal of one by implication is allowable where it is *possible* to reconcile them. In *Naylor* v. *Field*, 29 N. J. Law, 287, the supreme court of New Jersey states the law more in accordance with the ordinary language of the text-book when it holds that, in order to construe a statute so as to

repeal a former statute by implication, the implication must be a necessary one. The provisions of the new act must be of such a character that they cannot be carried out by allowing the former act to stand. A review of the legislation of the state for a few years past will render it quite manifest that there was no legislative intent to repeal the law which took railway mortgages out of the provisions of the chattel mortgage act. When the last revision of the laws of the state was ordered by the legislature, the revisers found in force and reported to the legislature the act concerning chattel mortgages, approved March 24, 1864. This act made all chattel mortgages absolutely void as against the creditors of the mortgagor, and subsequent purchasers and mortgagees in good faith, unless the mortgage, or a true copy thereof, was filed in the clerk's office of the county wherein the mortgagor, if a resident of the state, resided at the time of the execution thereof; and if not a resident, then in the clerk's office of the county where the property was then situated. They also found in force and reported the act of April 21, 1876, being a supplement to the "Act respecting railroads and canals," the fourth section of which provides:

"That nothing in any of the laws of this state shall be held to require the filing of record in the clerk's office of any county of any mortgage given by such corporation, *i.e.*, one organized under the act respecting railroads and canals, conveying the franchises thereof, and whereby also any chattels there or thereafter to be possessed and acquired by such corporation shall purport to be mortgaged: provided, that such mortgage shall be duly lodged for registry according to the laws regulating the conveyance of real estate."

This act was doubtless passed to put at rest in New Jersey the question which divided many of the federal and state courts: whether a mortgage embracing the franchises, rolling stock, and chattels of a railroad corporation should be treated as a real-estate mortgage only, or also as a chattel mortgage.

The learned chancellor of this state, in *Williamson* v. *New Jersey S. R. Co.*, 28 N. J. Eq. 277, following what seemed to be the weight of federal authority, held that, as between a mortgagee and an execution creditor, the rolling stock and chattels appertaining to a railroad company, mortgaged with the railroad, were a part of the realty. The court of errors and appeals (29 N. J. Eq. 337) unanimously reversed him, and held that the mortgage in that case, so far as it related to the rolling stock and chattels, was within the provisions of the act concerning chattel mortgages, and was void as to all creditors, and subsequent purchasers and mortgagees in good faith, because it had not been filed as a chattel mortgage.

These decisions of the state courts were, in fact, subsequent to the act of April 21, 1876; but the effect of that legislation upon the chattel-mortgage act of 1874 was not involved, the courts finding that the rights of the creditors of the corporation had been vested before the act of 1876 was approved, and holding that the last-quoted statute

was not retrospective in operation, and therefore could not affect the determination of the question involved.

The law thus stood until 1878, when the legislature passed another supplement to the chattel-mortgage act. Pam. L. 1878, p. 139. This is stated in the title to be a supplement to the act respecting mortgages, approved March 27, 1874, and it required, in addition to the provisions of the original act, that there should be annexed to the mortgage, or to the copy thereof filed, an affidavit or affirmation, made and subscribed by the holder of the mortgage, stating the amount due and to grow due thereon. Two weeks afterwards the same legislature, fearing that some misconstruction might be placed upon the provisions of the supplement, and exercising, I think, an excess of caution, passed a further supplement, (Id. 347,) providing "that nothing therein contained should be taken, construed, or held to apply to any mortgage of personal property included in a mortgage of franchises and real estate heretofore or hereafter made by any railroad company, and which has been or shall be recorded as a mortgage of real estate in every county in which such railroad or any part of it is or shall be located; and further, that it shall be necessary to file as a chattel mortgage any such mortgage as is in this proviso described."

I think this may be justly regarded as the expression of the legislature that in their supplement amending the chattel-mortgage act there was no intention to disturb the provisions of the railroad and canal act, which had placed railroad mortgages, including the franchises, rolling stock, and chattels upon a different and separate footing.

Another supplement to the chattel-mortgage act was enacted March 12, 1880, (Pam. L. 266,) which simply provides for the record of chattel mortgages, and which was properly intended to avoid the necessity of refiling from year to year, as had previously been required. See *Stevenson* v. *Vosseller*, 43 N. J. Law 553.

A further supplement, and the one in force at the date of recording the complainant's mortgage, was approved March 25, 1881. Pam. L. 226. It provided for the acknowledgment and record of all chattel mortgages in suitable books furnished for the purpose by the clerks of the several counties of the state, and in the thirteenth section thereof repealed all acts and parts of acts inconsistent with said supplement.

The counsel for the petitioner contend that the phraseology of this statute is broad enough to include railroad mortgages which embrace the rolling stock and chattels, and that, therefore, the section of the act respecting railroads and canals, which authorizes such railroad mortgages to be recorded as real-estate mortgages, is necessarily repealed. But the foregoing summary of the legislation, in my judgment, proves a different intent. It was the obvious design of the legislature, in the repealing act, to reach only the various supplements of the chattel-mortgage act, and it did not mean, in this general law respecting

chattel mortgages, to repeal the special act concerning railroad mortgages containing chattels.

It results from the view of the case that the petition must be dismissed.